NOT DESIGNATED FOR PUBLICATION

No. 121,049

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD NEER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed June 12, 2020.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before POWELL, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM:  Edward Neer appeals the district court's denial of his motion for a
new trial based on a victim's recantation of the testimony she gave at his 1986 trial. Neer
argues the district court abused its discretion when it found the victim's recantation was
not material to Neer's convictions for the crimes he committed against her because her
testimony lacked credibility. Because we find substantial competent evidence supporting
the district court's decision, there is no abuse of discretion and the district court's decision
is affirmed.

1

In 1986, Neer was convicted of several sex crimes involving two children in a consolidated jury trial. One of the two victims, E.T., was the five-year-old daughter of a woman Neer lived with for a three-month period. Neer was convicted of committing aggravated criminal sodomy and indecent liberties with a child, E.T. Neer's appeal only concerns his convictions in which E.T. was the victim.

Neer is currently serving a life sentence. His convictions and sentence were affirmed by the Kansas Supreme Court in *State v. Neer*, No. 60,418, unpublished opinion filed October 30, 1987 (Kan).

On August 8, 2012, Neer filed a pro se motion for habeas corpus relief under K.S.A. 60-1507. In his motion, he argued that an error in one of his jury instructions entitled him to a new trial and his trial counsel and direct appeal counsel were both ineffective for failing to challenge the erroneous jury instruction. On August 20, 2012, Neer filed a pro se motion to amend and alleged to have newly discovered evidence of his innocence in the case involving E.T. Neer attached an affidavit dated January 15, 2011, to the motion, which was sworn and signed by E.T. In the affidavit, E.T. claimed to be the victim from Neer's 1986 trial and swore that her uncle, Charles Anderson, committed the crimes against her for which Neer had been convicted.

The district court held a preliminary hearing on Neer's claims and found his K.S.A. 60-1507 motion was untimely, and the affidavit attached to his motion was recanted evidence, not newly discovered evidence. Neer then filed a pro se motion for reconsideration and argued that the district court's refusal to hold an evidentiary hearing on E.T.'s recantation would result in a manifest injustice. The district court denied Neer's motion, and Neer then appealed to another panel of this court.

In *Neer v. State*, No. 111,230, 2015 WL 1310815, at *3 (Kan. App. 2015) (unpublished opinion), the panel found the issues Neer raised in his original K.S.A. 60-1507 motion were abandoned because he failed to brief them and only addressed whether the district court was required to hold an evidentiary hearing on E.T.'s recantation. The panel found even though Neer's newly discovered evidence claim was brought outside the one-year time limit for filing a K.S.A. 60-1507 motion, the district court abused its discretion when it declined to hold an evidentiary hearing on E.T.'s sworn statements. 2015 WL 1310815, at *7.

The panel found the evidence in the affidavit was unavailable before Neer's 1986 trial because E.T. did not make the affidavit until 2011, and if the facts alleged in the affidavit were true, they would contradict E.T.'s trial testimony and support Neer's claims of innocence. 2015 WL 1310815, at *6. The panel remanded with directions for the district court to hold an evidentiary hearing on the credibility of E.T.'s recantation and its materiality to Neer's convictions for the crimes he committed against E.T. 2015 WL 1310815, at *7.

The district court held the evidentiary hearing on E.T.'s recantation in October 2016. E.T. testified in support of the facts she alleged in the affidavit. She said she had been sexually abused by at least three men from the time she was born until she was 13 years old. One of her abusers was her uncle, Charles Anderson, who was convicted in 1995 of committing 17 various child sex-related crimes against her. See *State v. Anderson*, No. 109,291, 2013 WL 6726164 (Kan. App. 2013) (unpublished opinion). E.T. testified sometime in 2010 or 2011 she was at Anderson's parole board hearing and heard "Eddie Neer" referenced as one of the men who had abused her. E.T. had "[n]ever heard Eddie Neer's name," so after the hearing, she started looking at old photos and asking her family members questions about him. She discovered that her mother had been in an on-and-off again relationship with Neer for about three months when she was five years old.

E.T. testified that "[a] lot of" men had sexually abused her as a child, but Neer was not one of them. She said she had participated in over 10 years of different types of therapy where "they [would try] to pull out all these abusers," including inpatient treatment, group therapy, hypnosis, and "hold-me therapy," where she was held down and "force[d] . . . to remember things." E.T. claimed she had "never once" mentioned Neer's name during these therapy sessions. E.T. testified that she had lived with Anderson when her mother was seeing Neer and asserted that Anderson committed the crimes against her for which Neer had been convicted. E.T. claimed her mother had pressured her into accusing Neer as a "vindictive move" because her mother and Neer "were in a love triangle." E.T. later conceded she was told about the love triangle but had no independent memory of it. E.T. said her therapist advised her to write the affidavit because it would "get some of the guilt out of [her]."

Kim Parker, the prosecuting attorney for Anderson's trial, also testified. She said Anderson's case was based on pornographic photographs of E.T. that had been in Anderson's possession and that were later turned over to police. Based on these photos, the State established at trial that Anderson began abusing E.T. when she was six or seven years old.

About a month after the evidentiary hearing, the district court denied Neer's motion in a written order. As part of its review, the district court took judicial notice of both Neer and Anderson's trial transcripts and compared E.T.'s testimony at the evidentiary hearing with the evidence presented at Neer and Anderson's trials. The district court determined that E.T. was the victim in these trials.

The district court found that much of E.T.'s testimony at the evidentiary hearing controverted the evidence presented at Neer's and Anderson's trials. Despite E.T.'s evidentiary hearing testimony that she had lived with Anderson during the extent of her mother's relationship with Neer, the district court noted that at Neer's trial, E.T., her

4

mother, and Neer all testified they had lived together for a short period. The district court found that Neer's trial record showed E.T. had first reported Neer's abuse to her babysitter, which "decrease[d] the possibility [E.T.'s mother] orchestrat[ed] the entire event." At Neer's trial, E.T. identified Neer in court and described his sexual abuse against her in detail. The district court found E.T.'s trial testimony was "consistent with other witnesses," but at the evidentiary hearing, E.T. could not "independently remember anything about Neer." And the district court found "[a]ll of the incidents that [E.T.] described in the Anderson trial occurred after the Neer trial had been completed."

Overall, the district court found that although E.T.'s demeanor at the evidentiary hearing suggested she "did not intentionally lie," it was clear "she ha[d] (understandably) suffered memory loss from the years of sexual trauma."

Based on these findings, the district court held E.T.'s recantation lacked credibility and there was "no reason to doubt [E.T.'s] original trial testimony where she recount[ed] many details consistently with other witnesses."

Neer appeals from the denial of his K.S.A. 60-1507 motion.

ANALYSIS

When the district court holds a full evidentiary hearing on a K.S.A. 60-1507 motion it must issue factual findings and legal conclusions on all issues presented. Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 223). Here, the district court did so after holding an evidentiary hearing on remand. Generally, when the district court has held an evidentiary hearing on a K.S.A. 60-1507 motion, we review the district court's factual findings to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's legal conclusions, and this court reviews the

5

district court's ultimate legal conclusion de novo. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

But when the prior panel remanded this case to the district court for an evidentiary hearing, it framed the issue as a motion for a new trial based on newly discovered evidence. We review an order denying a request for a new trial based on newly discovered evidence for abuse of discretion. See *Moncla v. State*, 285 Kan. 826, 839-40, 176 P.3d 954 (2008) (applying abuse of discretion standard of review when claim of newly discovered evidence is raised in context of K.S.A. 60-1507 proceeding). Neer's case was remanded to the district court on the sole issue of whether Neer should be granted a new trial based on E.T.'s recantation. *Neer*, 2015 WL 1310815, at *7. Accordingly, we apply an abuse of discretion standard of review.

"'A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.'" *State v. Lowery*, 308 Kan. 1183, 1226, 427 P.3d 865 (2018). Substantial competent evidence is legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). Because Neer is the party claiming an abuse of discretion, he has the burden of proving the abuse. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

To establish the right to a new trial based on newly discovered evidence, a criminal defendant must show: (1) The newly proffered evidence could not have been produced at trial with reasonable diligence and (2) the newly proffered evidence is of such materiality that it would likely produce a different result upon retrial. The district court must assess the credibility of the newly proffered evidence when deciding whether the new evidence is material. Appellate courts do not reassess the district court's credibility determination. *State v. Lyman*, 311 Kan. 1, 17, 455 P.3d 393, 407 (2020).

Here, the first prong of the test for newly discovered evidence is not at issue. The *Neer* panel already found the evidence in E.T.'s affidavit could not have been produced at trial because she did not make the affidavit until January 2011. The only issue before the district court was whether E.T.'s recantation was credible and material to Neer's convictions for the crimes he committed against her. *Neer*, 2015 WL 1310815, at *6-7.

Our Kansas Supreme Court has emphasized that recanting testimony tends to be "'exceedingly unreliable.'" *State v. Theus*, 207 Kan. 571, 580, 485 P.2d 1327 (1971). A district court must grant a new trial on the recantation of a prosecution witness only when it is satisfied the testimony is material and true. See *State v. McKinney*, 272 Kan. 331, 338, 33 P.3d 234 (2001), *overruled on other grounds by State v. Davis*, 283 Kan. 569, 158 P.3d 317 (2007). Although recanting testimony from a complaining witness or victim is more likely to be material to a defendant's conviction, its truth is still dispositive to whether a new trial should be granted. See *Neer*, 2015 WL 1310815, at *4.

In this case, the district court made specific factual findings that E.T.'s recantation of the criminal acts Neer committed against her lacked credibility because:  (1) E.T. could not independently recollect her relationship with Neer when his abuse against her allegedly took place, (2) E.T.'s evidentiary hearing testimony contradicted the testimony she and others gave at Neer's trial, and (3) Anderson did not start abusing E.T. until after Neer's abuse against her allegedly occurred. In other words, the district court was not satisfied that E.T.'s recantation was true.

On appeal, Neer does not argue the district court's factual findings are unsupported by substantial competent evidence. Instead, he merely asks this court to reassess the district court's credibility findings, arguing "[a] reasonable person certainly could disagree with the district court's decision that [E.T.'s] recantation was not credible." But we will not disturb the district court's credibility findings made after an evidentiary hearing. *State v. Laurel*, 299 Kan. 668, 676-77, 325 P.3d 1154 (2014). Here, the ultimate

7

legal question before the district court—whether E.T.'s recantation was material to Neer's convictions—was inseparably linked to whether it found her recantation credible. Although Neer also appears to argue the district court should have found E.T.'s recantation was material, without the credibility of E.T.'s recantation, Neer's request for a new trial inevitably fails. As our Kansas Supreme Court has made clear, "[z]ero credibility means zero materiality and zero chance that the outcome of a retrial would be different." 299 Kan. at 677.

The district court did not abuse its discretion when it found Neer was not entitled to a new trial based on newly discovered evidence.

Affirmed.